Eastern District of Kentucky
**FILED**
APR 19 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 04-382-JBC

LASONIA JEWELL GRIFFIN,                        PLAINTIFF

V.                **PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

JO ANNE B. BARNHART, Commissioner,
  Social Security Administration,                  DEFENDANT

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

Plaintiff Lasonia Jewell Griffin, by counsel, brings this action against the Commissioner of the Social Security Administration, under 42 U.S.C. § 405(g) for judicial review of the Commissioner's decision that she was not under a "disability," as defined in the Social Security Act, at any time through the date of the Commissioner's decision, and that based on her application for Supplemental Security Income (SSI) payments filed on September 21, 2000, she was not entitled to SSI payments.

This matter is before the Court on cross-motions for summary judgment. [DE ##7, 8].

By Order of January 20, 2005, the district court referred this matter to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for a report and recommendation on dispositive matters.

## II. ADMINISTRATIVE PROCEEDINGS

Plaintiff's most recent SSI application[1] was filed on September 21, 2000, alleging a disability onset date of March 1, 1993. This application was denied initially and on reconsideration. Thereafter, on February 13, 2003, plaintiff had an ALJ hearing, and on February 28, 2003, ALJ John

---

[1] Plaintiff filed a prior SSI application on March 24, 1997, resulting in an ALJ hearing on December 16, 1999, and a supplemental ALJ hearing on June 5, 2000. Thereafter, ALJ Charles J. Arnold issued a hearing decision on July 25, 2000, concluding that plaintiff had not been disabled at any time through the date of that decision. (Tr. 31-48).

M. Lawrence found that plaintiff had not been disabled at any time through the date of that decision; therefore, she was not entitled to SSI payments. (Tr. 21-27). The Appeals Council considered but denied plaintiff's request for the Appeals Council to review the ALJ's decision. (Tr. 10-12).

Plaintiff alleges that she became disabled on March 1, 1993, at age 34. Plaintiff was born on November 6, 1957, and has an eighth-grade education. Summarizing the ALJ's findings, the ALJ found (1) claimant has never engaged in substantial gainful activity; (2) the medical evidence establishes the presence of depression/post traumatic stress disorder; borderline intellectual functioning; gastroesophageal reflux disease; and back pain; however, claimant does not have an impairment or a combination of impairments that meets or equals an impairment listed in Appendix 1, Subpart P, Regulations No. 4; (3) claimant's subjective complaints are disproportionate to the medical evidence and are not totally credible; (4) claimant has no past relevant work; (5) claimant has the residual functional capacity (RFC) to perform a mildly restricted range of work at the medium, light, and sedentary levels; (6) claimant has no acquired work skills that are transferable to other work; and (7) based on claimant's RFC, age, education, and vocational background, § 416.969 of Regulations No. 16, and Rules 203.25, 202.17, and 301.18, Tables No. 1, 2, and 3, Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion of "not disabled;" (8) claimant has not been under a disability, as defined in the Social Security Act, at any time through the date of the ALJ decision, February 28, 2003. (Tr. 21-27).

The Appeals Council declined to review the ALJ decision; therefore, the ALJ's decision represents the final decision of the Commissioner, and this matter is ripe for judicial review under § 1631(c)(3) of the Social Security Act, 42 U.S.C. § 405(g).

### III. APPLICABLE LAW

The scope of judicial review of the Commissioner's final decision is limited to determining whether the Commissioner's decision is supported by substantial evidence, see 42 U.S.C. § 405(g); Wright v. Massanari, 321 F.3d 611, 614 (6th Cir. 2003), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986).

"Substantial evidence" means such evidence as a reasonable person might accept as adequate to support a conclusion. Tyra v. Secretary of Health and Human Services, 896 F.2d 1024, 1028 (6th Cir. 1990), (quoting Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir. 1981, cert. denied, 461 U.S. 957 (1983).

In reviewing a case for substantial evidence, the court may not try the case de novo, resolve conflicts in evidence, or decide questions of credibility. Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984).

## IV. THE CROSS-MOTIONS FOR SUMMARY JUDGMENT

In support of her motion for summary judgment, plaintiff contends (1) that the ALJ erred when he failed to find her anxiety to be a severe impairment, and (2) that the ALJ erred by not considering her impairments in combination. For these reasons, plaintiff contends that the ALJ's decision is not supported by substantial evidence and that the Commissioner's decision should be reversed and benefits awarded, or in the alternative, that this action should be remanded to the Commissioner for further consideration, in view of the post-decision evidence submitted to the Appeals Council.

In response, the defendant submits that the Commissioner's decision is supported by substantial evidence and should be affirmed.

### Discussion/Analysis

In considering this matter, the Magistrate Judge has reviewed, in addition to the memoranda filed in support of each party's motion for summary judgment, the hearing decision, the medical evidence of record, Exhibits B-1F through B-12F, and the transcript of the ALJ hearing.

**A.     ALJ's failure to find anxiety a severe impairment**

The ALJ found that the medical evidence establishes the presence of depression/post traumatic stress disorder; borderline intellectual functioning; gastroesophageal reflux disease; and back pain. (Tr. 22). Although the ALJ found that the foregoing impairments were severe, they were

3

not shown by the medical evidence to be of sufficient severity to meet or equal the requirements for an impairment in the Listing of Impairments. Id.

The office notes of plaintiff's treating physician, Dr. James B. Noble, reflect that he refers to plaintiff's anxiety and depression in combination and/or interchangeably. Nevertheless, there is no indication in Dr. Noble's office notes that he believes plaintiff's anxiety to be a severe impairment or that her anxiety and/or depression in combination are severely debilitating. Consequently, the Magistrate Judge is unpersuaded by plaintiff's argument that the ALJ erred by not finding plaintiff's anxiety to be a severe impairment. The medical evidence of record before the ALJ would not have supported such a finding.

**B.   ALJ's failure to consider plaintiff's impairments in combination**

Plaintiff also contends that the ALJ erred by failing to consider the combined effect of her impairments on her ability to do work. Vinyard v. Chater, 950 F.Supp. 236, 241 (N.D. Ill. 1996).

Contrary to plaintiff's argument, the ALJ did consider her impairments in combination, as seen in Finding No. 2, set out below:

> 2.   The medical evidence establishes the presence of depression/post traumatic stress disorder; borderline intellectual functioning; gastroesophageal reflux disease; and back pain. However, the claimant does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4. (Listing of Impairments)

Tr. 26.

Consequently, the Magistrate Judge concludes that plaintiff's claim that the ALJ failed to consider her impairments in combination is without merit.

**C.   Post-ALJ decision medical evidence**

In the alternative to an award of benefits, plaintiff requests that this action be remanded to the Commissioner for consideration of the medical evidence she submitted to the Appeals Council following the ALJ's decision.

Subsequent to the ALJ's decision, plaintiff submitted additional medical evidence to the Appeals Council, consisting of the following: (1) a form entitled Medical Assessment of Ability to

4

do Work-Related Activities (Mental) signed by Irene Rooney, ARNP; (2) a form entitled Medical Assessment of Ability to do Work-Related Activities (Physical) signed by Irene Rooney, ARNP; (3) evaluations of plaintiff compiled by the Kentucky River Community Care, Inc., for the period of time from January 3, 2003 to December of 2003; (4) Medical records dated May 22, 2003 to May 20, 2003, from the Kentucky Spine Institute; and (5) Lumbar spine MRI report dated April 30, 2003. (Tr. 270-318).

To satisfy the criteria for remand under sentence six (6) of § 405(g), plaintiff must establish that the post-ALJ decision evidence is new and material and that there is good cause for the failure to incorporate such evidence at the administrative level. See Oliver v. Secretary of Health and Human Services, 804 F.2d 964, 966 (6th Cir. 1986); Willis v. Secretary of Health and Human Services, 727 F.2d 551, 554 (6th Cir. 1984).

The Magistrate Judge is unpersuaded that the additional medical evidence plaintiff provided to the Appeals Council is sufficient to warrant remand to the Commissioner for consideration thereof. This conclusion is based on the following facts: (1) the two forms entitled "Medical Assessment of Ability to Do Work-Related Activities" were completed by Irene Rooney, a nurse practitioner; however, a nurse practitioner is not an acceptable medical source under the regulations. 20 C.F.R. § 416.913(a), and (2) the remainder of this new medical evidence is simply evidence that plaintiff has continued to be treated for existing medical conditions that are non-disabling. The fact that subsequent to the ALJ's decision, plaintiff has continued to be treated for conditions that were non-disabling prior to the ALJ decision does not somehow convert these non-disabling conditions into disabling ones, as evidenced by the fact that the MRI of plaintiff's low back on April 30, 2003, indicated that "[v]ery mild early degenerative changes are present in the lumbar spine" (Tr. 318), a condition which could hardly be classified as disabling.

Consequently, for all of the foregoing reasons, the Magistrate Judge concludes that plaintiff has not established a sufficient basis to warrant remand of this case to the Commissioner under sentence six (6) of § 405(g).

## V. CONCLUSION

Having reviewed the administrative record, including the medical evidence, the cross-motions for summary judgment, and the applicable law concerning judicial review of the Commissioner's decision, the Magistrate Judge concludes that the Commissioner's decision that Plaintiff is not entitled to SSI payments is supported by substantial evidence.

Accordingly, **IT IS HEREBY RECOMMENDED** that plaintiff's motion for summary judgment [DE #7] be **DENIED**, that the defendant's motion for summary judgment [DE #8] be **GRANTED**, and that this action be **DISMISSED** and **STRICKEN** from the docket.

The Clerk of the Court shall forward a copy of the Magistrate Judge's Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. section 636(b)(1)(B); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), affirmed, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Fed.R.Civ.P. 6(e).

This _____ day of April, 2005.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE