UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**CIVIL ACTION NO. 04-382-JBC**

**LASONIA JEWELL (GRIFFIN),**                                          **PLAINTIFF,**

**V.**                             **O R D E R**

**JO ANNE BARNHART, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**                           **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

The plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying Supplemental Security Income and Disability Insurance Benefits. The court referred this action to United States Magistrate Judge James B. Todd who issued the Proposed Findings of Fact and Recommendation (DE 11). The plaintiff has filed objections to the Report and Recommendation (DE 14).

When the parties to an action submit objections to the Magistrate Judge's report, the district court reviews the record *de novo*. 28 U.S.C. § 636 (b)(1)(C).

The court, having reviewed the record and being otherwise sufficiently advised, will accept the Magistrate Judge's report and recommendation and affirm the Commissioner's decision.

**The Plaintiff's Objections to the Report and Recommendation**

The plaintiff objects to the Magistrate Judge's report on two grounds: (1) that the Magistrate Judge erred when he failed to deem anxiety a severe impairment and (2) that he also erred by failing to properly consider the effect of

her impairments in combination.

Review of the ALJ's decision to deny disability benefits is limited to determining whether there is substantial evidence to support the denial decision. "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389 (1971).

### A. Severe Mental Impairment

The court finds that substantial evidence exists to support a finding that the plaintiff's mental impairment is not sufficiently severe to meet or equal the requirements of a listed impairment. The opinion of a plaintiff's treating physician is entitled to great weight. *Farris v. Sec'y of Heath & Human Servs.*, 773 F.2d 85, 90 (1985). However, the plaintiff's physician, Dr. Noble, never indicated that the plaintiff suffers from any severe mental impairment. Two consultative examinations also failed to indicate any mental limitation that would preclude the plaintiff from performing certain medium, light, and sedentary work with appropriate restrictions to accommodate her social anxiety and limited ability to concentrate.[1]

### B. Combined Effect of the Plaintiff's Impairments

Contrary to the plaintiff's objection, the court finds that the ALJ did consider

---

[1] Furthermore, neither consultative examination revealed any medical reason to limit her physical activity.

the combined effect of the plaintiff's mental and physical impairments. The ALJ found that the plaintiff has depression/post traumatic stress disorder, borderline intellectual functioning, gastroesophageal reflux disease; and back pain. Because the ALJ verified that, based on the record, there were no medically verifiable physical limitations on her ability to work, evaluation made in light of her education, overall intelligence, social functioning, emotional stability, ability to concentrate, and other mental factors satisfied the ALJ's duty to consider all of the plaintiff's impairments in combination.

    **C.    Remand Under Sentence Six of § 405(g)**

A court may "remand the case for further administrative proceedings in light of [new] evidence, if a claimant shows that the evidence is new and material, and that there was good cause for not presenting it in the prior proceeding." *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Evidence is new if it was either not in existence or not available to the claimant at the time of the administrative proceeding. *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). Evidence is material if there is "a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). "[I]n order to show good cause the complainant must give a valid reason for his failure to obtain evidence prior to the hearing." *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986). The burden is on the

plaintiff to demonstrate that a remand is appropriate. *Sizemore*, 865 F.2d at 711.

Since the final administrative decision, the plaintiff has submitted two "Medical Assessment of Ability to Do Work-Related Activities" forms completed by a nurse practitioner, records from Kentucky River Community Care, Inc., medical records relating to back pain, and an MRI report. None of these additional materials justifies remand. The medical assessments are not material because a nurse practitioner is not an acceptable medical source for social security disability determinations. 20 C.F.R. § 416.913(a). The remaining new evidence is immaterial as well, because it does not contain anything that would likely have led to a different outcome in the proceedings; the additional records merely indicate that the plaintiff continues to be treated for the same impairments that the ALJ properly found to be non-severe. Accordingly,

**IT IS ORDERED** that the magistrate judge's Proposed Findings of Fact and Recommendation is **ADOPTED** as the opinion of the court.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 7) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment (DE 8) is **GRANTED**.

Signed on June 20, 2005

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY